UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FREDY DELEON, | ) | Civil Action No.: 4:12-cv-2810-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| ROBERT M. STEVENSON, III, | ) | |
| Warden, Broad River Correctional | ) | |
| Institution; | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's Motion to Stay (Document # 13) to hold his habeas petition in abeyance until he receives a ruling on certain issues from the state court. All pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(c).

Petitioner was charged and convicted of trafficking marijuana in 2004. He did not file a direct appeal. Petitioner then filed an Application for Post-Conviction Relief on August 31, 2005, alleging that his trial counsel was ineffective for failing to file a timely notice of appeal despite Petitioner's request that he do so. Upon consent of the parties, the PCR judge entered an Order of Dismissal, finding that Petitioner was entitled to petition the South Carolina Supreme Court for review of his conviction and sentence pursuant to White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974)[1], and otherwise denying the application. Petitioner filed a notice of appeal of the PCR action

_____

[1]In White v. State, the South Carolina Supreme Court held that if the PCR court determines that the applicant never voluntarily and intelligently waived his right to appeal, on appeal of the PCR court's decision, the South Carolina Supreme Court will review the trial record as if a direct appeal had been timely perfected to determine if there was reversible error. 263 S.C. 110, 208 S.E.2d 35, 39–40 (S.C.1974).

on February 15, 2007.[2]  He was represented by Michael S. Waddington, Esq.  In the PCR appeal

Petitioner raised two direct appeal issues pursuant White v. State regarding juror misconduct. By

letter dated January 2, 2008, the South Carolina Supreme Court advised Petitioner that he needed

to file a Petition for Writ of Certiorari to seek review of the PCR Court's Order and to have the

direct appeal issues reviewed, which he subsequently did.  Petitioner's appeal was subsequently

transferred back to the Court of Appeals.  In an opinion dated September 9, 2011, the Court of

Appeals affirmed Petitioner's conviction.  Petitioner filed a Petition for Rehearing and Petition for

Rehearing En Banc, which were denied on December 2, 2011.  The Remittitur was issued January

10, 2012.

On September 19, 2012, Petitioner filed his second Application for Post-Conviction Relief,

asserting claims of ineffective assistance of belated direct appeal counsel.  Specifically, Petitioner

asserts in the second PCR that appellate counsel was ineffective for (1) failing to argue that the

"extended border search" doctrine did not authorize a warrantless search of his business in violation

of his rights under the Fourth and Fourteenth Amendments; (2) failing to argue that the trial court

improperly denied his motion for a directed verdict; (3) failing to argue that the Applicant's

conviction was barred due to double jeopardy in violation of the Applicant's rights under the Fifth

and Fourteenth Amendments inasmuch as the Applicant's first trial ended in a mistrial due to

prosecutorial misconduct; (4) failing to argue that defense counsel did not open the door to

testimony from Investigator Roosevelt Young that the Applicant was a drug trafficker and

explaining how he came to that conclusion; and (5) failing to argue that the trial court erred in

refusing to grant the Applicant's motion for a mistrial based on Investigator Young's testimony.  This

_____

[2]An Amended Notice of Appeal was filed by Petitioner on December 5, 2007. The case was
transferred from the South Carolina Court of Appeals to the South Carolina Supreme Court after
the amended Notice of Appeal was filed.

application is still pending.

On September 27, 2012, Petitioner filed the present habeas petition, raising five grounds for relief, including one ground for juror misconduct and four grounds for ineffective assistance of belated direct appeal counsel. Plaintiff now moves to stay the present habeas petition because the ineffective assistance of belated direct appeal counsel claims are not yet preserved for federal review as they are still pending in state court.

Because Petitioner's habeas petition presents both exhausted and unexhausted claims, it is a "mixed petition." Rhines v. Weber, 544 U.S. 269, 273 (2005). Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts routinely dismissed without prejudice habeas petitions containing a mixture of exhausted and unexhausted claims, pursuant to Rose v. Lundy, 455 U.S. 509, 518–19, 522 (1982) (requiring "total exhaustion" of claims).[3] That practice was substantially changed upon the passage of the AEDPA as a result of the one-year statute of limitations contained within the AEDPA. See 28 U.S.C. § 2244(d). Generally, a habeas petitioner who presents a mixed-petition may proceed with the exhausted claims with the unexhausted claims being dismissed, or dismiss the entire petition to return to state court to exhaust the unexhausted claims. See note 2, supra. However, when faced with a mixed petition, district courts maintain the discretion in limited circumstances to stay the federal habeas action while maintaining it on its docket to allow a petitioner to return to state court to exhaust unexhausted

---

[3]Dismissal of a "mixed petition" can result in the application of the AEDPA's one-year statute of limitations to a petitioner's claims. Duncan v. Walker, 533 U.S. 167 (2001) (filing of federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254). Alternatively, a petitioner can proceed with a federal habeas claim of only those claims that have been exhausted with a dismissal of any unexhausted claims. See Rose v. Lundy, 455 U.S. at 522. Of course, the unexhausted claims would later become subject to the successive petition standards under the AEDPA. See Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

claims. Rhines v. Weber, 544 U.S. 269, 276–77 (2005)(citing Clinton v. Jones, 520 U.S. 681 (1997)("district court has broad discretion to stay proceedings as an incident to its power to control its own docket"). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. American Water Works & Electric Co., Inc., 299 U.S. 248, 254 (1936). That discretionary authority to stay mixed petitions in habeas cases, however, "must be compatible with AEDPA's purposes." Rhines, 544 U.S. at 276.

One of the AEDPA's purposes is "to further the principles of comity, finality, and federalism." Duncan v. Walker, 533 U.S. 167, 178 (2001)(citing Williams v. Taylor, 529 U.S. 420, 436 (2000)). Consistently, one of the its purposes is "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." Rhines, 544 U.S. at 276 (internal citation omitted). The one-year "limitations period quite plainly serves the well-recognized interest in the finality of state court judgments" by restricting the time within which to seek federal habeas review. Id. (internal quotations and citations omitted). The tolling provision in §2244(d)(2)[4] "balances the interest served by the exhaustion requirement and the limitation period." Id. The "AEDPA thus encourages petitioners to seek relief from state courts in the first instance by tolling the 1-year limitations period while a "properly filed" application for State post-conviction review is pending." Id. "This scheme reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claim to federal court, be sure that you first have taken each one to state court." Id. (citing Lundy, 455 U.S. at 520).[5]

_____

[4]Section 2244(d)(2) provides: The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[5]The Court in Lundy also noted, "[e]qually important, federal claims that have been fully exhausted in state courts will more often be accompanied by complete factual record to aid the

Staying a federal habeas action while a petitioner returns to state court to exhaust unexhausted claims causes delay which frustrates the statute's objective of encouraging finality and undermines the statute's goal of "streamlining" federal habeas actions by diminishing the incentive to exhaust all claims in state court before filing a federal habeas petition. Id. at 277. A stay is appropriate, however, when there is good cause for the failure to exhaust, the unexhausted claims are not plainly meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Rhines, 544 U.S. at 277–78.[6] The Court reasoned that in such circumstances the petitioner's interest in obtaining federal review outweighs the twin interests of speedy review and finality. Id.

Petitioner asserts there is good cause for the failure to exhaust because the ineffective assistance of belated direct appeal counsel claim could not be brought until the court in the first PCR action allowed the belated direct appeal. Although Rhines does not define good cause, the Supreme Court's rulings elsewhere suggest that it is not a particularly demanding requirement. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (noting that "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court"). Here, good cause exists for the failure to exhaust the ineffective assistance of belated direct appeal counsel claim. Petitioner has not so much failed to exhaust the claim; rather, the opportunity to exhaust the claim had not yet arisen at the time he filed the present action to avoid running afoul of the statute of limitations on his other, previously exhausted grounds.

Next, under Rhines, Petitioner must show that the grounds he is attempting to now exhaust are not plainly meritless. Rhines, 544 U.S. at 277 (2005) ("even if a petitioner had good cause for

federal courts in their review. Lundy, 455 U.S. at 519.(Cf. 28 U.S.C. §2254(d)(requiring a federal court reviewing a habeas petition to presume as correct factual findings made by a state court)).

[6]The Court stated it would likely be an abuse of discretion to deny a stay if a petitioner shows good cause, potentially meritorious unexhausted claims, and no indication of intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278.

[failing to present his claims first to the state courts], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). Petitioner argues that the unexhausted grounds are not plainly mertiless. He argues that his belated direct appeal counsel, Michael Waddington, was ineffective for failing to raise several issues on direct appeal that he initially identified as potential errors that could be appealed. Respondent does not argue in the response to the motion to stay that Petitioner's unexhausted claims are plainly meritless. Based upon the facts presented, the court cannot conclude that the claims are plainly meritless.

Finally, Petitioner must show that there are no intentionally dilatory litigation tactics on the part of Petitioner. As noted above, Petitioner filed his second PCR action regarding his counsel's performance on the belated direct appeal in due course. There is no evidence in the record to indicate that Petitioner engaged in any dilatory conduct.

Respondent argues that dismissal without prejudice is more appropriate than a stay of this case. It argues that it would not contend in its Return to the Application for Post-Conviction Relief that the pending application for post-conviction relief should be dismissed as successive and untimely, and since the Application will likely not be dismissed as successive and untimely, it would toll the statute of limitations under 28 U.S.C. Section 2244(d)(2). In his Reply to Respondent's Response to the Motion to Stay, Petitioner agreed to dismissal without prejudice of the present action rather than a stay based upon Respondent's stipulation[7] that the second PCR application is a properly filed application for State post-conviction review pursuant to § 2244(d)(2). However, upon review of Respondent's amended return and motion to dismiss filed in the state PCR action, Petitioner filed his Motion to Withdraw his consent to dismissal without prejudice of the present

---

[7]Counsel for Petitioner conferred with counsel for Respondent, and counsel for Respondent agreed that the statements made in the Response should be treated as a stipulation that the second PCR application is a properly filed application for State postconviction review pursuant to §2244(d)(2).

petition because Respondent has "shifted positions."  Motion to Withdraw (Document # 39) p. 2. In its amended return and motion to dismiss, the state does not argue that the PCR application should be denied as untimely and/or successive.  However, it does argue that dismissal is appropriate because "the post-conviction relief act does not provide a remedy for ineffective assistance of PCR appellate counsel for performance related to a "White v. State review."  State Return and Motion to Dismiss (Ex. 1 to Motion to Withdraw).  In response to the Motion to Withdraw, Respondent asserts that it takes no position as to Petitioner's request to withdraw his responses, but notes that its position has not changed and that it did not argue that the second PCR application should be denied as successive or untimely.

Respondent's argument that Petitioner's second PCR application "will likely not be dismissed as successive and untimely" is insufficient to convince the court that the statute of limitations has been tolled by the second PCR application.  In addition, the court is mindful of the warnings in Rhines that stays should be available only in limited circumstances and if employed too frequently, have the potential to undermine the AEDPA purposes of finality and speedy resolution of federal claims. However, under the unique facts and circumstances of this case, a Rhines stay is appropriate. Furthermore, in addition to satisfying the factors set forth in Rhines, a more complete factual record to aid this court's review may be available after his second PCR is concluded in state court. See Lundy, 455 U.S. at 519 (noting under comity principles the important interest in a state court's complete factual record and citing 28 U.S.C. § 2244(d)(presumption of correctness of factual findings made by a state court)).

Accordingly Petitioner's Motion to Stay (Document # 13) is **GRANTED**.  In addition, Petitioner's Motion to Withdraw his Reply (Document # 29) to the Motion to Stay and his Response (Document # 36) to the Motion for Summary Judgment is **GRANTED**.  This case is hereby stayed and counsel for Petitioner shall file a motion to lift the stay and his Response to the Motion for

Summary Judgment within thirty days after the decision in case number 2012-CP-19-304 pending in the Court of Common Pleas becomes final.  See Rhines, 544 U.S. at 278.[8]

**IT IS SO ORDERED.**


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 27, 2013
Florence, South Carolina

---

[8]Counsel for Respondents may seek to lift the stay if Petitioner engages in abusive or dilatory litigation tactics in state court. Rhines, 544 U.S. at 278.